THE PEOPLE OF THE STATE OF NEW YORK EX REL. ABRAM H. DAILEY, AND THE SAID ABRAM H. DAILEY, RESPONDENTS, v. WALTER L. LIVINGSTON, APPELLANT.

*Section 13 of chapter 575 of 1872 — ballots preserved under, are admissible in evidence in an action of quo warranto — effect of a failure to comply with the terms of the statute as to the preservation of such ballots.*

Section 13 of chapter 575 of 1872, regulating elections in the city of Brooklyn, provides that after the canvass the ballots shall be placed in the ballot boxes from which they were respectively taken; that the canvassers shall securely seal the boxes and deposit them with the department of police, and that they "shall there be kept undisturbed and inviolate until they are needed at the next election, unless required as evidence in any court of record." *Held,*

(1.) That this law was applicable to the ballots cast for State and county, as well as for city officers.

(2.) That in case of a contest as to the title to an office, the boxes might be produced in court and the ballots counted.

(3.) That the certificate of the canvassers might be impeached by the result arrived at on such count.

4.) That the facts that the sealing and depositing of the boxes did not, in all respects conform to the requirements of the said statute, did not render the ballots inadmissible in evidence, but only tended to diminish the credit to be given to them.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion on the minutes for a new trial.

The action was one of *quo warranto* to have the defendant ousted from the office of surrogate of the county of Kings, and to have the relator declared elected thereto.

*Nathaniel H. Clement* and *Walter L. Livingston*, for the appellant.

*Augustus Schoonmaker, Jr.*, attorney-general, *B. F. Tracy* and *Calvin Frost*, for the respondents.

DYKMAN, J. :

The relator and the defendant were candidates for the office of surrogate in Kings county at the November election in 1876. The defendant was declared elected by the board of canvassers by a majority of 288, received the certificate of election, and was exercising his official functions when this action was commenced to try his title to the office. By a special law passed May 7, 1872 (chap. 575), and having its application only to the city of Brooklyn, the ballots voted at elections are required to be replaced in the boxes and kept undisturbed and inviolate until they are needed at the next election, unless required as evidence in any court of record. These boxes from many of the ward districts, containing the ballots voted at the election, were brought into court on the trial of this action, and the ballots were counted in the presence of the jury, and the result given in evidence.

It was conceded on the trial that an error was made in the returns of 240 votes in three districts against the relator, and the count of the ballots developed a majority in favor of the relator, and he had the verdict.

It is also substantially conceded now that if the decision of the trial court, permitting the recount, is to be sustained, then the defendant's majority is wiped out, and the relator is elected.

The provisions of section thirteen of the law must now be adverted to. They are, that at least fifteen minutes before the closing of the poll, the board of canvassers shall meet and organize, and receive the key of the boxes from the police, and the ballot boxes, poll lists and registers of election from the inspectors of election, and as soon as the poll is closed shall canvass and count the votes. That the canvass shall be public and not adjourned or postponed until fully completed, and that the canvass shall be commenced, conducted and completed and the result stated in the manner now provided by law. That the ballots, immediately after they shall be canvassed and counted, shall be placed again by the canvassers in the ballot boxes from whence they were respectively taken, excepting such as are attached to the returns of the election, and the canvassers shall place in the ballot boxes with the ballots a certificate stating the number of votes cast, and the number of them attached to the returns, and each ballot box, after the tickets shall be so replaced, shall be securely sealed up by the canvassers, and they shall then be deposited by them in the department of police, and shall there be kept undisturbed and inviolate until they are needed at the next election, unless required as evidence in any court of record. This exception to the repose of the ballots discloses the legislative intent in providing for their preservation, which was that they might be used during the year as evidence in any court of record. Their competency is, therefore, established, and the objections raised against their admissibility goes only to their credibility.

These objections were principally that the ballot boxes, instead of being deposited by the canvassers in the department of police, were carried to the station houses by policemen, where they remained for some days on the floor of the muster room, and that some of them remained in the cellar of the station house until the trial. That the boxes could be unlocked with keys other than those belonging to them, and that one key would open more than one box, and that the only part of the boxes that was sealed was the aperture in the lid through which the tickets were deposited. That such sealing did not interfere with the opening of the boxes, and that the boxes were not sealed by the canvassers, but that the seals, such as they were, had been put on by the inspectors at the

close of the polls before delivering the boxes to the canvassers. Most, if not all, of these objections, have a foundation in the facts disclosed on the trial, and yet they cannot be allowed the effect claimed for them by the defendant.

Let it be conceded that all the officers have been remiss in the performance of their duties under the law in the manner claimed, if no abuse is disclosed as the result of such neglience, faith and credit must be given to the ballots. It matters but little how these ballots are kept, whether in pursuance of the provisions of a law requiring their preservation or in violation of such provisions, or without any law at all. If the ballots voted at any election are produced on the trial of a cause like this, they are the very best evidence of the result of the election ; of course the jury must be satisfied of their inviolate preservation, otherwise they will receive no credence, but that does not effect their competency.

It is not denied by the defendant that the language of this law makes the ballots cast for city officers admissible in evidence when kept in pursuance of its provisions, but it is claimed that the office of surrogate, being a county office, is not within the intention of the statute, the law has therefore no application to this case. There is nothing in the law to justify a limitation of its operation to city officers only, but on the contrary it must be given application to all officers voted for in the city, including both state and county.

The request by the defendant, to charge the jury that they should disregard the count of the ballots which disagreed with the returns, was properly denied upon the principles already enumerated in this opinion.

The objections against the constitutionality of this law are not well taken. There is but one subject dealt with in the law.

The result of this case is evidently in accordance with the will of the electors, and it would be a very narrow view of the subject that would disfranchise the voters because certain officers have failed to comply strictly with the provisions of a statute, which is only directory. A literal compliance with a statute prescribing the duties of a public officer is never essential to the validity of the proceedings under them, unless so declared in the statute itself.

The great burden of the argument of the defendant is, that inasmuch as the ballot boxes were not securely sealed and consigned

to the care of the proper custodian, it was possible for some unauthorized person to meddle with them and perpetrate a fraud. We must, of course, yield to this argument sufficient to admit that it was possible for these boxes to be opened and ballots removed therefrom, and replaced by others, but there was no proof of a single circumstance of suspicion in that direction, and certainly all the presumptions of the law are against fraud and abuse and wrong. All the persons shown to have exercised any control over these boxes have been sworn public officers, and are entitled to the presumption that they have discharged their duties. Their transactions were unfolded before the jury by testimony coming from themselves, and subject to scrutiny from those interested to overthrow them, and yet nothing like fraud or misfeasance was brought to light. We cannot presume either, but contrarywise, honesty and official purity and integrity.

The judgment should be affirmed, with costs.

BARNARD, P. J., and GILBERT, J., concurred.

Judgment and order denying new trial affirmed, with costs.